NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0303n.06

No. 21-5946

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 25, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| LUIS ALONZO GODOY-VALLES, | ) ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: DONALD, BUSH, and NALBANDIAN, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Defendant appellant Luis Alonzo Godoy-Valles entered an open plea to illegally reentering the United States after having been removed subsequent to a felony conviction, in violation of 8 U.S.C. § 1326. The district court sentenced Godoy-Valles to thirty months of imprisonment, imposed a three-year term of supervised release, and ordered him to pay a fine of $4,000. Godoy-Valles appeals only the monetary fine. For the following reasons, we affirm.

The Sentencing Guidelines require the district court to "impose a fine in all cases." U.S.S.G. § 5E1.2(a). In determining the amount of the fine, the court must consider several factors, including, but not limited to: the defendant's income, earning capacity, and financial resources; the burden on the defendant and his dependents; any restitution or reparations ordered; any collateral consequences of conviction; prior fines for a similar offense; the expected costs of imprisonment or supervised release; and the need to promote respect for the law, provide just

punishment, and adequate deterrence. 18 U.S.C. § 3572(a); U.S.S.G. § 5E1.2(d)(1)–(8). Upon its review of the relevant factors, the district court should assess an amount "sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive." U.S.S.G. § 5E1.2(d). It is afforded vast discretion in deciding the appropriate amount of a fine. *United States v. Blackwell*, 459 F.3d 739, 770 (6th Cir. 2006).

The Sentencing Guidelines provide for an exception "where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). In such cases, "the court may impose a lesser fine or waive the fine." U.S.S.G. § 5E1.2(e). Evidence of an inability to post bond and the appointment of counsel "are significant indicators of present inability to pay any fine." *Id.*, cmt. n.3. "In conjunction with other factors, they may also indicate that the defendant is not likely to become able to pay any fine." *Id.* The burden of showing a present or future inability to pay ultimately rests with the defendant, *United States v. Lantz*, 443 F. App'x 135, 146 (6th Cir. 2011), and we review the district court's determination that a defendant is able to pay a fine for clear error, *United States v. Hickey*, 917 F.2d 901, 906 (6th Cir. 1990).

Godoy-Valles argues that the district court failed to consider his inability to pay a fine. Godoy-Valles points to his financial affidavit in support of court-appointed counsel where he reported no income or assets, and the magistrate judge's determination that he was unable to afford counsel. A defendant's financial status during arraignment is certainly relevant to his present ability to pay a fine. A defendant must establish, however, both current *and* future inability to pay his fine. That is where Godoy-Valles' problem lies.

Godoy-Valles contends that imposition of a fine would also unduly burden his dependents because he lacks an earning capacity while incarcerated. Godoy-Valles points to the fact that he remained in custody throughout the pendency of the matter and received an additional period of

incarceration at sentencing.  However, the district court determined that Godoy-Valles "appear[s] to be able-bodied and able to work," and therefore, "would be able to pay a fine, even if over time—during a period of supervised release."

Godoy-Valles "failed to offer then, and he fails to offer now, an explanation why he could not pay the fine slowly through prisoner pay and, after that, in installments."  *United States v. Sydnor*, 762 F. App'x 284, 287 (6th Cir. 2019).  "It is the defendant's burden to establish that he cannot and will not be able, even under an installment schedule, to pay the assessed fine."  *United States v. Ukomadu*, 236 F.3d 333, 340 (6th Cir. 2001) (citation omitted).  Because Godoy-Valles failed to provide sufficient evidence demonstrating his future inability to pay, he cannot show that the district court erred in imposing a monetary penalty.

A review of the record further shows that the district court adequately considered all relevant factors in assessing the amount of the fine.  The Sentencing Guidelines provided a fine range of $4,000 to $40,000 based on Godoy-Valles' offense level.  *See* U.S.S.G. 5E1.2(c)(3).  The court again found that Godoy-Valles "is able-bodied and does have earning capacity."  Godoy-Valles conceded that he performed full-time construction work before his involvement in this matter.  The court acknowledged that the conviction entailed the possibility of removal from the United States and denial of future admission into the country.  But the sentencing hearing occurred during a major shift in domestic immigration policy, and therefore, the court could not "make a finding he is likely to be deported."  The court further determined that Godoy-Valles "has been sentenced on a number of occasions for similar behavior, similar activity," but "has [not] previously been fined."  The court accordingly concluded that "a sentence at the top of the guideline range combined with a fine would provide an added measure of deterrence."  Under

these circumstances, we cannot say that the district court abused its discretion in imposing the lowest fine allowed under the Guidelines.

Because the district court properly considered the statutory factors, including present and future ability to pay, the $4,000 fine is **AFFIRMED**.